UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

CASE NO. 18-24540-RAM

Chapter 13

In re:

ARMANDO REBULL a/k/a
ARMANDO REBULL, JR.,

      Debtor.
_____/

**WESTPORT RECOVERY CORPORATION'S
AMENDED OBJECTION TO CONFIRMATION
OF DEBTOR'S CHAPTER 13 PLAN**

Westport Recovery Corporation (hereinafter "Westport"), an unsecured creditor, objects to the confirmation of debtor, Armando Rebull a/k/a Armando Rebull, Jr.'s, Chapter 13 Plan (DE #9) and, in support thereof, states:

1. Westport has filed a Proof of Claim as an unsecured creditor in the amount of $21,483.90.

2. Pursuant to the terms of the debtor's Chapter 13 Plan, unsecured nonpriority creditors will receive the sum of $1.00 per month for 36 months.

3. Westport objects to the debtor's plan as this plan is not a confirmable plan under 11 U.S.C. §1325. The plan does not provide that all of the debtor's projected disposable income will be applied to make payment to unsecured creditors under the plan, in accordance with 11 U.S.C. §1325(b)(1)(B). See also In re Becquer, 407 B.R. 435 (Bankr. S.D. Fla. 2009). Pursuant to 11 U.S.C. §1325(b)(1)(B), a court may not confirm a proposed Chapter 13 plan if a trustee or an unsecured creditor objects to confirmation unless the debtor is committing all of his or her "projected

disposable income" to the plan payments to unsecured creditors.

    4.    The debtor, Armando Rebull a/k/a Armando Rebull, Jr., and his wife, Marie Rebull, are licensed real estate agents and receive commissions from The Keyes Company. Although the debtor reflects "Gross receipts" from operating a business of $4,706.58 ($2,353.29 for the debtor and $2,353.29 for the debtor's wife) in his Form 122C-1, this sum is, in fact, not an accurate reflection of "Gross receipts" from the debtor's business. Based upon the information contained in the Profit and Loss Statement for Armando and Marie Rebull submitted to the Bankruptcy Trustee, the monthly "Gross receipts" figure in Form 122C-1 is the "net" monthly income based upon a calculation of "Gross income" less the claimed business expenses.

    5.    The Profit and Loss Statement reflects Gross Income for the seven month period prior to the filing of this bankruptcy petition in the sum of $75,087.00, and total expenses of $42,141.00 for that same time period. The monthly gross income for both the debtor and his wife as provided in the Profit and Loss Statement is represented to be $10,726.71 ($75,087.00 ÷ 7). This figure, however, varies substantially from the total income received by the debtor and his wife in 2018. Based upon the Form 1099s for the debtor, Armando Rebull, and his wife, Marie Rebull, the combined gross income from real estate commissions for the year 2018 was $187,820.09. Therefore, the average monthly gross income for 2018 for the debtor and his wife was $15,651.67, well above the amount of $10,726.71 used by the debtor to calculate his CMI. Furthermore, based upon the closed sale commission data received from The Keyes Company, the actual post-petition income for the debtor and his wife for the months of November and December 2018 was $34,844.94, which is a monthly average of $17,422.47, again well in excess of the amount upon which the debtor's

calculation of CMI is based.

6. Accordingly, Westport Recovery Corporation submits the current monthly income calculation contained in the debtor's Form 122C-1 does not accurately reflect reasonably anticipated income during the course of the debtor's plan. While Westport Recovery Corporation acknowledges that the disposable income calculation is derived from a date six months prior to the filing of the petition, "the presumptive use of the disposable income calculation may be rebutted if ... the historic six month prepetition average is not a realistic basis for projecting the actual income the debtor will receive during the term of the plan. Becquer, 407 B.R. at 439.

7. Westport Recovery Corporation also objects to the debtor's calculation of business expenses as reflected on the aforementioned Profit and Loss Statement. Westport Recovery Corporation submits that all of the these expenses need to be substantiated and justified. At the debtor's 2004 Examination on March 4, 2019, the debtor had no documentation to support any of the expense items on this Profit and Loss Statement including, but not limited to, combined expenses for the seven month period for "Advertising/stamps/office" of $12,000.00 and combined expenses for "Client entertainment dining" of $7,000.00.

8. Finally, based upon the debtor and his wife's actual income for 2018 and the reasonably anticipated income during the course of the debtor's plan, Westport Recovery Corporation also submits that the Commitment Period for the debtor's bankruptcy should be five years, based upon the calculations in Part 3 of Form 122C-1.

9. For these reasons, Westport does not accept the terms of debtor's proposed Chapter 13 Plan.

10.     Based on the foregoing, Westport objects to confirmation of the debtor's Chapter 13 Plan.

WHEREFORE, Westport Recovery Corporation respectfully requests that this Court enter an Order denying confirmation of debtor's Chapter 13 Plan and granting such other and further relief as the Court deems proper.

 s/ Robert D. Friedman
Fla. Bar No. 356417
rfriedman@friedmangreenberg.com
FRIEDMAN & GREENBERG, P.A.
9675 West Broward Boulevard
Plantation, Florida 33324
954/370-4774
954/370-3498 (facsimile)
Attorneys for Westport Recovery Corporation

### CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to Nancy K. Neidich, Chapter 13 Standing Trustee, Office of the U.S. Trustee, and on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 s/ Robert D. Friedman
Robert D. Friedman

SERVICE LIST
IN RE:  ARMANDO REBULL a/k/a ARMANDO REBULL, JR.
CASE NO. 18-24540-RAM

Maria E. Escoto-Castiello, Esq.
escotocastiello@bellsouth.net
meclaw@bellsouth.net
2000 South Dixie Highway, #104A
Miami, Florida 33133
305/860-0991 (telephone)
305/860-0953 (facsimile)
Attorney for Debtor
CM/ECF will issue a Notice of Electronic Filing

Nancy K. Neidich, Trustee
P. O. Box 279806
Miramar, Florida 33027
954/443-4402 (telephone)
www.ch13miami.com
CM/ECF will issue a Notice of Electronic Filing

U.S. Trustee
Office of the U.S. Trustee
USTPRegion21.MM.ECF@usdoj.gov
51 Southwest 1st Avenue
Suite 1204
Miami, Florida 33130
305/536-7285 (telephone)
CM/ECF will issue a Notice of Electronic Filing

Capital One Auto Finance, a division of Capital One, N.A.
c/o AIS Portfolio Services, LP
4515 N Santa Fe Avenue Dept. APS
Oklahoma City, Oklahoma 73118

Synchrony Bank
PRA Receivables Management, LLC
c/o Valerie Smith
P. O. Box 41021
Norfolk, Virginia 23541